Filed 2/20/25  P. v. Urena CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTIN ANTHONY URENA,<br><br>    Defendant and Appellant. | H051586<br>(Santa Clara County<br>Super. Ct. No. C1121948) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant was convicted by jury in 2017 of second degree murder (Pen. Code, § 187) and possessing a firearm as a felon (Pen. Code, former § 12021, subd. (a)(1)).  The jury found true an allegation that defendant personally discharged a firearm during the murder (Pen. Code, § 12022.53, subd. (d)).  In a bifurcated court trial on remaining special allegations, the trial court found true an allegation that defendant had suffered a prior serious felony conviction (Pen. Code, § 667, subd. (a)) and a prior strike conviction (Pen. Code, § 667, subds. (b)–(i)).  He was sentenced to 55 years to life, consecutive to seven years eight months.  Defendant's initial direct appeal resulted in an unpublished opinion that found no prejudicial error related to the jury trial but remanded the matter

"for the court to permit Urena to seek relief under Senate Bill No. 1393." (*People v. Urena* (March 4, 2022, D079449) [nonpub. opn.].)

On remand, defendant asked the court to exercise its discretion under Senate Bill No. 1393 to strike the prior serious felony enhancement. Defendant also asked the court to exercise its discretion under Senate Bill No. 81, which was enacted after his original sentencing. Defendant argued Senate Bill No. 81 required the trial court to consider whether to strike the firearm enhancement and the prior strike conviction finding. After a hearing in October 2023, the trial court struck the prior serious felony conviction but denied other relief. The court interpreted the dispositional language from the direct appeal as conferring "jurisdiction only to address the issue regarding the Penal Code Section 667(a) five-year prior."

We agree with the parties in the instant appeal that the trial court misunderstood the scope of its discretion on remand. Senate Bill No. 81 added subdivision (c) to Penal Code section 1385. (Stats. 2021, ch. 721, § 1.) Penal Code section 1385, subdivision (c)(1) provides, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." The subdivision "shall apply to all sentencings occurring after January 1, 2022." (Pen. Code, § 1385, subd. (c)(7).) When the trial court decided to strike the prior serious felony on remand, the full resentencing rule was triggered and the trial court had discretion to apply Penal Code section 1385, subdivision (c). (See *People v. Walker* (2021) 67 Cal.App.5th 198, 205 ["By correcting one part of the sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, but also obligated to look at the facts and the law in effect at the time of that resentencing"]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 [describing the full resentencing rule].)

## DISPOSITION

The judgment is reversed and the matter is remanded for a full resentencing.

2

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Danner, J.

_____

Wilson, J.

H051586
*People v Urena*